## THE MAUD CARTER.[1]

*(District Court, D. Massachusetts.   November 19, 1886.)*

MARITIME LIEN—CONFLICT OF LAWS.
    If an English vessel, while in an English port, receives advances which, by
    the laws of England, constitute the advancer a lien claimant, it will be-
    come the duty of an American court, upon the arrest of the vessel, to admin-
    ister and apply, as against her or her proceeds, the law of England exactly as
    it would be applied, under like circumstances, in an English court.   The cir-
    cumstance that no lien would be created by the American law, under like
    conditions, is immaterial.

Libel in admiralty to recover $1,456 for supplies and advances
furnished the schooner by the libelant, a shipping merchant in Bos-
ton.   Under the libel the vessel was sold, and the proceeds ($1,700)
paid into the registry of the court.   The mortgagee, George J. Troop,
of Halifax, appeared and contested the allowance of $157 of the
amount, on the ground that the sum was paid as premiums for in-
surance upon the vessel, and no maritime lien existed therefor.   He
also disputed an item of $90, acceptance of a draft given in payment
of the vessel's indebtedness for spars furnished in her construction.

*E. S. Dodge,* for libelant.

*C. I. Russell, Jr.,* for mortgagee.

NELSON, J., *(orally.)*   This schooner is a British vessel, owned by
British subjects, having her home port in Bay of Isles, Newfoundland,
and is subject to British law.   The libelants are citizens of Boston,
and the mortgagee contesting his claim is a citizen of Halifax and a
British subject.   Two items in the account are contested.   The first
is for insurance premiums, which were paid at the express request of
the ship-owner, for insurance upon the vessel, for his benefit, when
she was in a British port.   The second item is for the acceptance of
a draft drawn by the owner in payment of the vessel's indebtedness
for spars furnished in Halifax for the construction and original outfit
of the vessel.   If this was a United States vessel, the court would per-
haps be obliged to reject both these items.   The claim for spars, under
the decisions of the supreme court, could not be recovered *in rem,* be-
cause no maritime lien is recognized for materials furnished in the
original construction of a vessel.   The only right of lien in such case
comes from state statutes.   The claim for insurance premiums would
be disallowed upon the *dictum* of Judge LOWELL in *The Jenny B.
Gilkey,* 19 Fed. Rep. 127.   In that case the court decided that there
was not sufficient proof of authority from the owners to effect the in-
surance claimed, but intimated that, even if the insurance was au-
thorized, there was no maritime lien upon the vessel for it, and the
*dictum* of Judge LOWELL is entitled to great weight.

[1] Reported by Theodore M. Etting, Esq., of the Philadelphia Bar.

But this vessel is a British vessel, and subject to British law. Under the circumstances, it is the duty of the court to administer and apply the British law exactly as it would be applied if the vessel were in an English court. The court, under the decision in *The Riga*, L. R. 3 Adm. & Ecc. 516, must hold that insurance, expressly authorized by the owners, is a "necessary," within the English act defining the jurisdiction of the admiralty court, and that, under that act, it created a maritime lien upon the vessel. The claim for payment for the spars used in the original construction of the vessel must also be allowed, because the English admiralty would allow it as a lien upon the vessel. The act of 24 & 25 Vict. c. 10, merely restores to the English admiralty the general admiralty and maritime jurisdiction of which the common-law courts had deprived it. While the United States supreme court has held that under the admiralty jurisdiction in this country there is no lien for materials furnished in the construction of a vessel, yet the general maritime law of the world gives such a lien, and the jurisdiction to enforce it has been restored to the English admiralty. As the lien would be recognized and enforced against this vessel in an English court, it can, as between the parties here, be enforced in this court. A decree will therefore be entered for the whole amount of libelant's claim, with interest and costs.